UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES-GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

| Case No. CR 04-262(C)-RHW | USA v. Brian Castro | Date July 14, 2006 |
|---|---|---|

PRESENT: HON. ROBERT H. WHALEY, DISTRICT JUDGE

| Cynthia Salyer/Michelle Fox | Gail Peeples | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Interpreter |

| Elizabeth Fishman | David Currie |
|---|---|
| Assistant U.S. Attorney | Attorney for Defendant |

Defendant BRIAN CASTRO present and in custody

PROCEEDINGS: SENTENCING

Government submits argument by documents previously filed. Court hears from defendant. D. Currie presents argument.

COURT requests further information. Recess to allow counsel time to find out the information.

Recess 11:35 am - Reconvene 12:00 pm

COURT reviews documents provided. E. Fishman presents argument. D. Currie presents argument.

COURT adopts calculations in presentence report. Deny Motions. Sentences defendant. Dismiss remaining counts.
See judgment.

11:25 am - 11:35 am
12:00 pm - 12:15 pm



DOCKETED ON CM
AUG 1 0 2006
BY _____ 023

CR-11 (9/98)                  Initials of Deputy Clerk
CRIMINAL MINUTES-GENERAL

United States District Court
Central District of California

| | | |
|---|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. | CR 04-262(C)-RHW |
| Defendant **BRIAN CASTRO** akas: Brian Christian Castro (T/N); aka None | Social Security No. (Last 4 digits) | 7 6 6 4 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person

| MONTH | DAY | YEAR |
|---|---|---|
| 7 | 14 | 2006 |

**COUNSEL** [x] WITH COUNSEL — DAVID CURRIE, Retained
(Name of Counsel)

**PLEA** [x] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE [ ] NOT GUILTY

**FINDING** There being a finding/verdict of [x] GUILTY, defendant has been convicted as charged of the offense(s) of:

Conspiracy with intent to distribute & distribution of Cocaine, in violation of 21 USC 846, as alleged in count 1; Possession with intent to distribute Cocaine, in violation of 21 USC 841(a)(1),(b)(1)(A), as alleged in count 10 of the third Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of **57 MONTHS**.

The Court recommends defendant be given the opportunity to participate in a drug treatment program pursuant to U.S. Bureau of Prisons guidelines. The Court also recommends defendant serve his sentence at a facility in San Pedro if he is eligible pursuant to U.S. Bureau of Prisons guidelines.

The Court dismisses remaining counts.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Brian Castro, is hereby committed on Counts 1 and 10 of the Third Superseding Indictment (TSI) to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months.

This term consists of 57 months on each of Counts 1 and 10 of the TSI to be served concurrently.

USA vs. **BRIAN CASTRO**    Docket No.:  CR04-262(C)-RHW

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of **five (5)** years on each of Counts 1 and 10, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to 1 drug test within 15 days of release from imprisonment on probation and at least 2 periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall cooperate in the collection of a DNA sample from the defendant; and

5. The defendant shall submit to drug testing and/or treatment and to random, warrantless searches of his person and/or property as directed by the Probation Officer.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

August 8, 2006
Date

District Judge ROBERT H. WHALEY

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

8/9/06
Filed Date

By _____
Deputy Clerk

1101

USA vs. **BRIAN CASTRO**  Docket No.: CR04-262(C)-RHW

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

| USA vs. **BRIAN CASTRO** | Docket No.: CR04-262(C)-RHW |
|---|---|

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:
1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
Private victims (individual and corporate),
Providers of compensation to private victims,
The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663©); and
5. Other penalties and costs.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date                              Deputy Marshal

USA vs. **BRIAN CASTRO**  Docket No.: CR04-262(C)-RHW

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____  Deputy Clerk
Filed Date

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____
Defendant                                   Date

_____              _____
U. S. Probation Officer/Designated Witness   Date